ROBERT KOPLOW, PLAINTIFF-APPELLANT, v. JOHN HICZWA, DEFENDANT-RESPONDENT.

JACOB SCHOMER, PLAINTIFF-APPELLANT, v. JOHN HICZWA, DEFENDANT-RESPONDENT.

Submitted November 6, 1924—Decided February 2, 1925.

**Negligence—Motor Vehicle Collision—Taxicab Driver and Passenger Injured by Jitney—Judgment for Defendant Jitney Driver—Evidence Examined and New Trial Ordered in Both Cases on Ground Verdict was Clearly Against Weight of Evidence.**

On the plaintiffs' rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiffs-appellants, *Weinberger & Weinberger.*

For the defendant-respondent, *Alexander M. McLeod.*

PER CURIAM.

These two cases arise out of a collision between an automobile sedan taxicab driven by the plaintiff Koplow and containing as his passenger for pay the plaintiff Schomer, with an auto-bus driven by the defendant, Hiczwa, in the city of Passaic, at eleven-ten P. M., on an August night. The moon was shining, the streets were dry, and there was an electric light on the corner. The jury found a verdict for the defendant, and the court allowed the plaintiff this rule to show cause. There were three reasons assigned, but they all substantially amount to this: That the verdict was against the weight of evidence. Koplow, the owner and driver of the sedan taxicab, picked up Schomer several blocks away as a passenger and was headed north on Myrtle avenue on his

way to Paterson. He was crossing Monroe street and claims to have passed the centre line of that street when the defendant in his jitney bus, which was empty, caught the left rear of the sedan and threw it over against a telegraph pole on the northeast corner of the street, and then went on down Monroe street a distance variously estimated at from sixty feet to half a block. It will be observed that the plaintiff was coming from the defendant's right. Among the plaintiffs' witnesses were several men standing on the northwest corner of the street intersection, and a policeman on the east side of Myrtle avenue south of Monroe. The defendant was the only witness to the collision on his side of the case. The plaintiffs' evidence tended to show that the sedan, at moderate speed, was practically across Monroe street when it was struck, and the indications in the testimony are that the bus was on the left side of the road and had no lights. Of course, there is contradiction on these points, but the witnesses testified as above. The defendant claimed that the plaintiff Koplow was driving very fast and tried to cut across in front of him. The court told the jury that there was nothing in the case to show any contributory negligence of Schomer, the passenger, and yet the jury found for the defendant in his suit, as well as in that of Koplow.

We have read the evidence with care, and think that it plainly shows negligence on the part of Hiczwa. If so, it is plain that there should be a new trial as to Schomer, who was not chargeable with contributory negligence under the charge of the court. We think also that there is little or nothing in the testimony to indicate that Koplow was guilty of contributory negligence, while the evidence of the defendant's negligence is to us quite persuasive.

The rule will be made absolute in both cases.